UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTLEY JOHNSON,

        Plaintiff,

v.

COMMON GROUND SHELTER,
TORRE SANCHEZ,
GARY THOMAS,
KAYANA SESSIONS,
BARBARA BROESAMIE, and
JOHN DOE(S),

        Defendants.
_____/

Case No. 2:17-cv-11163
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER REGARDING PLAINTIFF'S DECEMBER 5, 2017 MOTIONS (DEs 23, 24, 25) AND DECEMBER 20, 2017 LETTER (DE 27)

Plaintiff Westley Johnson, a state inmate who is proceeding *in forma pauperis* and without the assistance of counsel, filed his complaint on April 11, 2017, asserting claims under 18 U.S.C. § 2255 of the Child Abuse Victims' Rights Act of 1986. Plaintiff brings his claims against several named Defendants (Common Ground Shelter, Torre Sanchez, Gary Thomas, Kayana Sessoms and Barbara Broesamie), as well as "other unknown / unnamed Common Ground staff." (DE 1.)

Judge Steeh has referred this case to me for pretrial matters. Currently before the Court are several matters, each of which the Court will address individually.

**I.    REQUEST FOR DOCUMENTS FROM THE COURT DOCKET (DE 23)**

First, Plaintiff has filed a motion for this Court "to provide [him] with all documents filed in this lawsuit." (DE 23.) He claims that prison staff lost all of his legal property in November 2017 during his transition from Unit 1 to Unit 4 at the Oaks Correctional Facility and specifically requests copies of docket entries 1 through 19. Plaintiff's motion is **DENIED** as presented. The Undersigned has contacted the Clerk's Office, which will send Plaintiff a copy of the docket report for this case. Plaintiff will be asked to indicate the items he seeks to have copied. The Clerk's Office will then invoice Plaintiff at a rate of .50 cents per page plus a $31.00 search fee. Once payment is received, the Clerk's Office will execute Plaintiff's request.

**II.   REQUEST FOR DISCOVERY (DE 24)**

Second, Plaintiff has filed a motion to "begin discovery," which is further titled, "Plaintiff's First Request for Production of Documents." (DE 24.) Citing Fed. R. Civ. P. 34, Plaintiff sets forth six (6) numbered requests. Here, too, Plaintiff's motion is **DENIED**. The filing of discovery material is prohibited by Local Rule 26.2, except in limited circumstances which are not applicable here. If

Plaintiff wishes to engage in discovery, he must serve his requests for the production of documents in accordance with Fed. R. Civ. P. 34. If the party to whom the requests are directed fails to answer in the time permitted by that rule, then Plaintiff may filed a motion to compel responses in accordance with Fed. R. Civ. P. 37, keeping in mind that any such motion should comport with E.D. Mich. LR 37.2 ("Form of Discovery Motions").

## III. REQUEST FOR APPOINTMENT OF COUNSEL (DE 25)

Third, Plaintiff has filed a second motion for "appointment of counsel." (DE 25; *see also* DEs 7, 9.) Preliminarily, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court may *request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Plaintiff argues that counsel should be granted (or more accurately, recruited) because: (1) his legal materials have gone missing since his move (as

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner civil rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

discussed above); (2) his ability to prosecute this case is "greatly limited" because he is a prisoner; (3) he is without access to an "actual" law library and is "only allowed to order 5 items at a time from the *prison* law library[;]" (4) he is "mentally disabled[;]" and, (5) he is "a prisoner with zero college education." (DE 25 at 2-3) (underscoring in original; italics supplied).

Notwithstanding the reasons given, Plaintiff has not described circumstances sufficiently exceptional to justify a request for appointment of counsel. The circumstances which he describes would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute exceptional circumstances. Most non-lawyers have only limited knowledge of the law. There is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case. In addition, as the Court soberly notes, it is not unusual to see *pro se* plaintiffs who are mentally disabled or who lack college education. Moreover, as Judge Steeh previously explained in denying Plaintiff's first motion for appointment of counsel, "It is not yet clear that plaintiff has stated a colorable claim." (DE 9 at 1.) Finally, the papers which Plaintiff has filed, including this very motion, demonstrate an ability to communicate with this Court clearly and effectively.

Therefore, Plaintiff's motion for appointment of counsel (DE 25) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the

recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

## IV. LETTER OF INQUIRY (DE 27)

Finally, Plaintiff has filed a letter in which he asks the Court whether counsel for Defendant Common Ground (attorney Lee C. Patton and his law firm SULLIVAN, WARD, ASHER & PATTON, P.C.) are representing Defendant Torre Sanchez. (DE 27.) As an initial matter, as my online practice guidelines for "pro se prisoner and habeas corpus cases" indicate, letters to the Court are not pleadings and will ordinarily be returned. Nonetheless, as counsel's November 16, 2017 appearance indicates, his law firm "appears on behalf of Defendant Common Ground only . . . ." (DE 19.) In fact, none of the individual, named defendants – Sanchez, Thomas, Sessoms or Broesamie - has yet appeared.

**IT IS SO ORDERED.**

**Dated:** December 26, 2017  
s/Anthony P. Patti  
Anthony P. Patti  
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on December 26, 2017, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti