UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTLEY JOHNSON,

                Plaintiff,                Case No. 2:17-cv-11163
                                              District Judge George Caram Steeh
v.                                    Magistrate Judge Anthony P. Patti

COMMON GROUND SHELTER,
TORRE SANCHEZ,
GARY THOMAS,
KAYANA SESSIONS,
BARBARA BROESAMIE, and
JOHN DOE(S),

                Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT COMMON GROUND SHELTER'S JUNE 18, 2018 MOTION TO DISMISS (DE 29)

**I.**    **RECOMMENDATION**: The Court should **GRANT** Defendant Common

Ground Shelter's June 18, 2018 motion to dismiss.  (DE 29.)  If the Court agrees

that dismissal of the entire action is appropriate, then it need not pursue service of

the complaint against the yet-to-appear, individual Defendants.

**II.**    **REPORT:**

    **A.**    **Background**

    At the time Westley Johnson filed the instant lawsuit on April 11, 2017, he

was incarcerated at the MDOC's Oaks Correctional Facility (ECF) in Manistee,

Michigan.  Plaintiff is proceeding *in forma pauperis* and without the assistance of counsel, asserting claims under 18 U.S.C. § 2255 of the Child Abuse Victims' Rights Act of 1986.  Plaintiff brings his claims against several named Defendants (Common Ground Shelter (CGS), Torre Sanchez, Gary Thomas, Kayana Sessoms and Barbara Broesamie), as well as "other unknown / unnamed Common Ground staff."  (DE 1.)

Defendant CGS answered the complaint on November 20, 2017.  (DE 20.) To date, the individual Defendants have not appeared.[1]

### B.   Prior Rulings

Judge Steeh has referred this case to me for all pretrial matters.  Since then, I have entered an order relating to Plaintiff's service related requests and John/Jane Doe defendant issues and directing service by the USMS.  (DE 15.)  I have also entered an initial scheduling order, which set a discovery deadline for July 27, 2018, and an order regarding Plaintiff's December 5, 2017 motions and December 20, 2017 letter.  (DEs 22, 28.)

### C.   Instant Motion

Currently before the Court is Defendant CGS's June 18, 2018 motion to dismiss, which presents a single issue:  "Whether this action should be dismissed

---

[1] This is through no fault of the Court and/or the United States Marshal Service (USMS).  (*See*, *e.g.*, DEs 2, 4, 6, 11, 15, 18.)

due to Plaintiff's failure to attend his properly noticed deposition on three separate occasions?"  (DE 29 at 4, 6.)  Relying upon (1) Fed. R. Civ. P. 37, which concerns sanctions for failing to make disclosures or to cooperate in discovery, (2) Fed. R. Civ. P. 41(b), which concerns involuntary dismissal, and (3) the court's "inherent power," Defendant CGS argues that "Plaintiff's complaint should be dismissed for failure to comply with the notices of depositions, the court rules and for failing to properly prosecute this action."  (DE 29 at 8-10.)

### D.   Discussion

### 1.   Plaintiff has not opposed the instant motion.

There are several bases that support dismissal of this lawsuit.  First, the motion is unopposed.  The local rules of this Court provide that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  This rule also provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion."  E.D. Mich. LR 7.1(e)(1)(B).  Therefore, Plaintiff's response to Defendant CGS's June 18, 2018 motion would ordinarily have been due on or about July 12, 2018.  *See* Fed. R. Civ. P. 6(a),(d).  However, in Plaintiff's case, the Court issued an order setting the response deadline for July 19, 2018.  (DE 30.)  To date, no response has been filed.  Thus, the motion to dismiss may be granted as unopposed.  *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F.App'x 328, 331 (6th

Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived."); *Burdick v. Anthony*, No. 1:06-cv-2687, 2007 WL 275968, at *1 (N.D. Ohio Jan. 26, 2007) ("The district court's power to grant motions to dismiss because they are unopposed is firmly settled.") (citations omitted).  A *pro se* litigant is required to follow the law, and "assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

## 2.    Plaintiff has not kept the Court apprised of his address.

As noted above, Plaintiff was incarcerated at ECF at the time he filed this lawsuit.  Early in this case, the Clerk's Office filed a notice regarding the parties' responsibility to notify the Court of an address change.  (DE 3.)  This notice includes reference to the following E.D. Mich. LR:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information.  *The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs*.

E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address") (emphasis added).  Perhaps due to this notice, on December 20, 2017, Plaintiff

informed the Court that his address had changed to the MDOC's Macomb

Correctional Facility (MRF).  (DE 26; *see also* DE 27.)

     Approximately two months thereafter, on February 27, 2018, Plaintiff was

paroled, and he is under the supervision of the Pontiac Parole Office.[2]  While

Defendant CGS knew of another address as early as March 15, 2018 (*see* DE 29-

4), Plaintiff has yet to update his address with this Court.  Since Plaintiff's parole,

Defendant CGS has filed its June 18, 2018 motion to dismiss (DE 29), and the

Court has entered the related response-deadline order (DE 30).  On July 30, 2018,

counsel for Defendant CGS informed the Court, by attachment of a July 26, 2018

article from *The Detroit Free Press*, that Plaintiff had been charged with robbing a

bank.  It appears that Johnson was booked on July 22, 2018 and is currently located

at the Oakland County Jail (OCJ).[3]  Also, the docket for *People v. Johnson*, Case

No. 2018-267928-FC (Oakland County), reflects that, on August 13, 2018,

Plaintiff was charged with armed robbery (Mich. Comp. Laws § 750.529), and

"bound over as charged."  He was arraigned on August 29, 2018, and a pretrial

---

[2] *See* www.michigan.gov/corrections, "Offender Search."

[3] *See* https://www.oakgov.com/sheriff/Corrections-Courts/Inmate-Locator/Pages/default.aspx (last visited Nov. 5, 2018).

conference was held on October 24, 2018.  On October 31, 2018, Plaintiff pleaded no-contest.  His sentencing is set for November 28, 2018.[4]

Plaintiff has not filed anything in this case in the approximately 11 months since his December 20, 2017 letter.  (DE 27.)  More significantly, he has not filed a response to the instant motion.  For whatever reason, Defendant CGS's motion lists what appears to be a private address (330 N. Saginaw Street, Pontiac, MI 48342) for Plaintiff.  (DE 29 at 1.)  Although CGS's statement of compliance with E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests.") is weak, and although the certificate of service does not confirm that a copy was sent to Plaintiff at either MRF or the private address (*see* DE 29 at 2 ¶ 2, DE 29 at 12), the Court's response deadline order was served upon Plaintiff at his address of record MRF and was not returned as undelivered.  (*See* June 19, 2018 text-only certificate of service).  In other words, even if Plaintiff did not receive a copy of the motion from Defendant, his failure to be alerted to its existence by the Court's scheduling order, which was sent to Plaintiff's address of record, appears to be his own fault.

### 3.    The dismissal factors cut against Plaintiff.

The Sixth Circuit "has identified four factors which should be considered when reviewing a decision by a district court to dismiss a case under Rule 37."

---

[4] *See* www.oakgov.com, "Court Explorer."

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of*

*Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990).  Specifically:

> The first factor is whether the party's failure to cooperate in discovery
> is due to willfulness, bad faith, or fault; the second factor is whether
> the adversary was prejudiced by the dismissed party's failure to
> cooperate in discovery; the third factor is whether the dismissed party
> was warned that failure to cooperate could lead to dismissal; and the
> fourth factor is whether less drastic sanctions were imposed or
> considered before dismissal was ordered.

*Bass*, 71 F.3d at 241.  The same factors are applied to a motion to dismiss

"pursuant to Rule 41(b) for failure to prosecute[.]"  *Knoll v. Am. Tel. & Tel. Co.*,

176 F.3d 359, 363 (6th Cir. 1999).

As Defendant CGS argues, "[t]he governing factors compel dismissal of this

action[.]"  (DE 29 at 10-11.)  First, Defendant CGS has noticed Plaintiff's duces

tecum video deposition three times, apparently via mail to 330 N. Saginaw Street.

(DEs 29-2, 29-3, 29-4.)[5]  In addition, Defendant CGS has attached two transcripts,

one dated April 10, 2018 transcript (DE 29-6) and another dated April 24, 2018

transcript (DE 29-5).  Although the earlier transcript suggests an "eleventh-hour"

---

[5] The Court notes that these are not signed copies of deposition notices and
certificates of service.  (*See* DEs 29-2, 29-3, 29-4.)  Nonetheless, the
accompanying transcripts dated April 10, 2018 (DE 29-6) and April 24, 2018 (DE
29-5), and defense counsel's statements therein about the events of the day before
each scheduled deposition (March 26, April 9, and April 23, 2018), give the Court
little reason to doubt that Plaintiff had actual notice of the scheduled depositions.

transportation excuse (DE 29-6 at 3), among other things, the latter transcript

documents the following statement from defense counsel:

> This is the third time that I have Noticed up and scheduled Mr.
> Johnson's deposition and the third time that he has not shown up for
> his deposition.  We sent a Re-Notice, the second Re-Notice of
> Deposition to Mr. Johnson to the address that we have for him at 330
> North Saginaw Street, Pontiac, Michigan, 48342.  That is where we
> served him previously, and my understanding is that is a halfway
> house that he is living at during his parole.  He acknowledged receipt
> of service of process on both of the prior depositions, but [he]
> cancelled them telling me that he was seeking counsel.

(DE 29-5 at 5.)  Defense counsel went on to explain his office's attempts to reach

Plaintiff and Plaintiff's attempt to reach Defense counsel on April 23, 2018.  (DE

29-5 at 5-6.)  Then, Defense counsel documented that Plaintiff was not present

"about 25 minutes after 10:00."  (DE 29-5 at 5-6.)  Each of these statements were

made on the record by an officer of the Court.  M.R.P.C. 1.0 (Preamble), 3.3

(Comment).  The Court has no reason to doubt their veracity.  Thus, it seems that

Plaintiff's "failure to cooperate in discovery [wa]s due to willfulness, bad faith, or

fault[.]"  *Bass*, 71 F.3d at 241.

Second, it goes without saying that Defendant CGS is prejudiced if it cannot

depose Plaintiff.  In Defendant CGS's words, it "has been unable to question

Plaintiff with details of his allegations . . . ."  (DE 29 at 10.)[6]  Plaintiff's complaint

---

[6] As an aside, Defendant CGS contends that it "still has not received the requested
discovery . . . [,]" and "has also been unable to get signed authorizations for the
release of Plaintiff's medical records."  (DE 29 at 10-11.)

is approximately six pages in length and is comprised of 25 numbered paragraphs. (DE 1 at 2-7.)  It is entirely reasonable for Defendant CGS to depose Plaintiff in an effort to defend itself against Plaintiff's allegations.

As for the third and fourth factors, even if Defendant CGS did not expressly warn Plaintiff that failure to attend his deposition "could lead to dismissal[,]" and even if "less drastic sanctions were [not] imposed or considered before dismissal was ordered[,]" *Bass*, 71 F.3d at 241, it is unlikely that the Court's imposition of a lesser sanction would be effective here.  Plaintiff's December 20, 2017 filings each list an address of MRF (DEs 26, 27), and Plaintiff has not filed anything in this case since then.  Although *Defendant* listed Plaintiff's address as 330 N. Saginaw Street as early as March 15, 2018 (DE 29-4), and while it seems that Plaintiff has been housed at the OCJ since July 22, 2018, Plaintiff has not communicated either of these addresses to the Court.  Therefore, his address of record remains MRF.

Early on, Plaintiff's attention was specifically directed to keep the Court informed of any change in his address and referred to Local Rule 11.2, which, as set forth above, warns that, "[t]he failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs."  (*See* DE 3.)  Moreover, Fed. R. Civ. P. 37(d) permits sanctions, including dismissal, for the failure of a party to appear for his own deposition after being served with proper notice.  I am satisfied

that Plaintiff, whose proper address for service has been a moving target for the greater part of the past year, was provided more than adequate notice of his deposition on three occasions, which the record reflects he acknowledged. (DE 29-5 at 5-6, DE 29-6.) Plaintiff not having filed anything in nearly a year, having thrice failed to attend his deposition (even after acknowledging his awareness of the events), having not responded to this motion despite separate notice from the Court (DE 30), and not having kept the Court apprised of his address, appears to have abandoned this case.

### E.    Conclusion

In sum, the Court should dismiss Plaintiff's complaint. Defendant CGS's motion to dismiss is unopposed, Plaintiff has failed to keep the Court apprised of his current address, and the factors to be considered under these circumstances cut against Plaintiff. Moreover, if the Court agrees that dismissal of the entire action is appropriate, then it need not pursue service of the complaint against the yet-to-appear, individual Defendants, and the case may be closed.[7]

---

[7] A copy of this report and recommendation will be served upon Plaintiff at both his address of record, Macomb Correctional Facility (MRF, 34625 26 Mile Rd. New Haven, MI 48048), and the Oakland County Jail (OCJ, 1201 North Telegraph Road, Pontiac, MI 48341-1044).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).   Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).   Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*   Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.   Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.   Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).   The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated: November 5, 2018        s/*Anthony P. Patti*
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

_____

**CERTIFICATE OF SERVICE**

I hereby certify on November 6, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on November 6, 2018.

                                        s/Carolyn Ciesla
                                        Case Manager Acting in
                                        the Absence of Michael Williams